**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

UNITED STATES OF AMERICA                                                              PLAINTIFF

vs.                                        NO. 4:11CR00066 SWW

JESSE CARL DAVIS                                                                               DEFENDANT

**ORDER**

The above entitled cause came on for hearing August 25, 2020 on the government's superseding petition to revoke the supervised release previously granted this defendant in the United States District Court for the Eastern District of Arkansas. Based upon the admissions of defendant, the Court found that defendant has violated the conditions of supervised release without just cause.

IT IS THEREFORE ORDERED AND ADJUDGED that the government's superseding motion to revoke supervised release [doc #51] is *granted* and the supervised release previously granted this defendant, hereby, is *revoked*.

IT IS FURTHER ORDERED that defendant shall serve a *term of imprisonment of FIVE (5) MONTHS* in the custody of the Bureau of Prisons. The Court recommends that defendant be evaluated for cognitive impairments, such evaluation being currently scheduled for Thursday, August 27, 2020.

There will be *FIVE (5) YEARS of supervised release* following the term of incarceration. All general and standard conditions of supervised release previously imposed remain in full force and effect and shall include the following special conditions:

1. If during the period of supervised release the supervising probation officer determines Defendant is in need of placement in a Residential Re-Entry Center (RRC), Defendant must voluntarily report to such a facility as directed by the supervising probation officer, cooperate with all rules and regulations of the facility, participate in all recommended programming, and not withdraw from the facility without prior permission of the supervising probation officer. The Court retains and exercises ultimate responsibility in this delegation of authority to the probation officer.

2. Defendant must not purchase, possess, use distribute, or administer marijuana or obtain or possess a medical marijuana card or prescription.

3. Defendant must participate in sex offender treatment under the guidance and supervision of the probation office and follow the rules and regulations of that program, including submitting to periodic polygraph testing to aid in the treatment and supervision process. Defendant must pay for the cost of treatment, including polygraph sessions, at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office. If you are financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

4. Defendant must register with the state sexual offender registration agency(s) in any state where you reside, visit, are employed, carry on a vocation, or are a student, as directed by the probation officer.

5. The probation office will provide state officials with all information required under any sexual predator and sexual offender notification and registration statutes and may direct the defendant to report to these agencies personally for required additional processing, such as interview and assessment, photographing, fingerprinting, polygraph testing, and DNA collection.

6. Defendant must not have direct contact with any child he knows or reasonably should know to be under the age of 18, including his own children, without the permission of the probation officer. If he should have any direct contact with a child he knows or reasonable should know to be under the age of 18, including his own children, without the permission of the probation officer, he must report this contact to the probation officer within 24 hours. Direct contact includes written communications, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

7.    Defendant must not view or possess any "visual depiction" (as defined in 18 U.S. C. § 2256) including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256), or any other material that would compromise your sex offense-specific treatment.

8.    Defendant must not access the Internet except for reasons approved in advance by the probation officer.

9.    Defendant must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) he uses.

10.   To ensure compliance with the computer monitoring condition, he must allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches will be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. Defendant must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

11.   Defendant must not date or befriend anyone who has a child or children under the age of 18 without notification of the third party and verification by the probation officer.

12.   Defendant must submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. Defendant must warn any other occupants that the premises may be submit to searches pursuant to this condition.

13.   Defendant must not go to, or remain at, any place where he knows children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities.

14.   Defendant must not utilize or maintain any memberships or accounts of any social networking website or websites that allow minor children membership, a profile, an account, or webpage without approval of the probation office. This includes websites that explicitly prohibit access or use by sex offenders.

15.     Defendant must not enter adult bookstores, strip clubs, or adult sex-themed entertainment businesses, or any establishments where such material or entertainment is available.

16.     Defendant must participate in a substance abuse treatment program under the guidance and supervision of the probation office. The program may include drug and alcohol testing, outpatient counseling, and residential treatment. Further, defendant shall abstain from the use of alcohol during treatment. The defendant will pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office.  In the event the defendant is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

The defendant is remanded to the custody of the U. S. Marshal Service.

IT IS SO ORDERED this 25th day of August 2020.

/s/Susan Webber Wright
United States District Judge